UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CARLOS LARA-ARGUELLES, §<br>  Plaintiff, §<br> §<br>v. §<br> §<br>MANAGEMENT TRAINING §<br>CORPORATION, §<br>  Defendant. § | Case No. 1:20-cv-003 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Plaintiff Juan Carlos Lara-Arguelles' "Prisoner Pro Se Complaint for Violation of Civil Rights" (hereinafter, Lara-Arguelles' "Complaint"). Dkt. No. 1. It is recommended that the Court **DISMISS** Lara-Arguelles' Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.      Jurisdiction

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### II.      Background and Procedural History

On September 10, 2019, Lara-Arguelles pleaded guilty to being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Juan Carlos Lara-Arguelles*, Case No. 7:19-cr-01671, Cr. Dkt. Minute Entry dated Sept. 10, 2019.[1] On November

---

[1] "Cr. Dkt. No." refers to docket entries in Lara-Arguelles' criminal case, Case No. 7:19-cr-01671. All other references to a "Dkt. No." refer to the instant action, Case No. 1:20-cv-003.

20, 2019, United States District Judge Randy Crane sentenced Lara-Arguelles to 6 months of imprisonment and imposed a special assessment of $100.00. Cr. Dkt. Minute Entry dated Nov. 20, 2019. Judgment was entered on December 2, 2019. Cr. Dkt. No. 18.

On January 8, 2020, Lara-Arguelles filed his instant Complaint. Dkt. No. 1. In his Complaint, Lara-Arguelles brings a *Bivens* action against Management Training Corporation (hereinafter, "MTC"), a private corporation that owns and operates the Willacy County Regional Detention Center (hereinafter, "MTC Willacy"), for alleged violations of his constitutional rights. *Id.* at 3. Specifically, Lara-Arguelles alleges that MTC Willacy did not prescribe the correct medication for his Parkinson's disease and rheumatoid arthritis, nor a referral to see a medical specialist. *Id.* at 4. Lara-Arguelles seeks immediate release from confinement and five million dollars in damages. *Id.* at 5.

On February 25, 2020, the Court issued an Order to Show Cause, which noted that Lara-Arguelles had been released from MTC Willacy. Dkt. No. 7. The Court notified Lara-Arguelles of his duty to update his address and ordered him to inform the Court as to whether he wished to proceed with his claims in light of his release from custody. *See id.* The Clerk mailed Lara-Arguelles a copy of that Order via Certified Mail, return receipt requested, to his last known address. Dkt. No. 8. A certified return receipt was returned as undeliverable, and Lara-Arguelles has not otherwise responded to the Court's Order to Show Cause.

### III. Legal Standards

An individual has a private right of action against federal officers alleged to have violated that individual's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Bivens* actions are limited to actions against federal actors for violations of constitutional rights: Fourth Amendment, Due Process Clause of the Fifth Amendment, and Cruel and Unusual Punishments Clause of the Eighth Amendment. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67, 122 S. Ct. 515, 151 L. Ed. 2d 456. There is no "automatic entitlement" to a damages remedy under *Bivens*. *Wilkie v. Robbins*, 551 U.S. 537, 550, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007). The Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 66. An expansion of *Bivens* beyond its recognized application is a "disfavored" remedy. *Ziglar v. Abbasi*, —U.S.—, 137 S. Ct. 1843, 1857, 198 L. Ed. 2d 290 (2017).

### IV. Discussion[2]

Rule 41 of the Federal Rules of Civil Procedure states that if a plaintiff fails to comply with a court order, dismissal of the action is proper, and that the dismissal acts as an adjudication on the merits. *See* FED. R. CIV. P. 41(b). Despite Rule 41(b)

---

[2] In the alternative, Lara-Arguelles' claims against MTC are meritless. The Supreme Court has declined to extend *Bivens* liability against private entities acting under color of federal law. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *Oriakhi v. Geo Group, Inc.*, 579 Fed. Appx. 292 (5th Cir. 2014) ("A *Bivens* suit may not be brought against a private corporation…or its employees if the conduct is the type that typically falls within the scope of traditional state tort law."). As stated earlier, MTC is a private corporation that owns MTC Willacy, a private prison. Lara-Arguelles, therefore, cannot maintain a *Bivens* action against MTC.

contemplating dismissal upon defendant's motion, a court has the power to dismiss *sua sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 113 L. Ed. 2d 27 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988).

As Lara-Arguelles has been released from custody but has not updated his address or otherwise inquired into the status of his case, the Court issued an Order to Show Cause to ascertain whether Lara-Arguelles wished to continue prosecuting his claims. *See* Dkt. No. 7. The Order to Show Cause was sent to Lara-Arguelles' last known address of record. *See* Dkt. Nos. 7, 8, 9. Lara-Arguelles' deadline to respond to the Court's Order has passed. Lara-Arguelles' claims, then, should be dismissed pursuant to Rule 41(b) for failing to abide by the Court's Order to Show Cause and failing to prosecute his claims.

### V.     Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS** Lara-Arguelles' Complaint, and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

**SIGNED** on this 18th day of March, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**